Case 1:18-vv-00767-UNJ   Document 12   Filed 08/13/18   Page 1 of 3

ORIGINAL

REISSUED FOR PUBLICATION
AUG 13 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 19, 2018

```
* * * * * * * * * * * *
JAMES LOUIS,              *
                          *     No. 18-767V
            Petitioner,   *
v.                        *     Special Master Gowen
                          *
SECRETARY OF HEALTH       *     Engerix-B; Hepatitis-B; Brachial
AND HUMAN SERVICES,       *     Neuritis; Insufficient Proof; Dismissal.
                          *
            Respondent.   *
* * * * * * * * * * * *
```

James Louis, petitioner, *pro se*.
Amy Kokot, United States Department of Justice, Washington, DC, for respondent.

## RULING[1]

On May 31, 2018, James Louis ("petitioner"), acting *pro se*, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] He alleged that he is suffering from brachial neuritis as a result of the Engerix-B ("Hepatitis-B") vaccination. Petition (ECF No. 1) at 1. As discussed herein, the claim is hereby dismissed for insufficient proof.

### I. Procedural History

Petitioner initiated his claim on May 31, 2018. Petitioner filed a record of vaccination on June 1, 2018 (Petitioner's Exhibit ("Pet. Ex.") 5), and medical records on July 12, 2018 (Pet. Ex. 8), which included a record of prior vaccinations and bloodwork from both before and after the vaccination in question.

On July 11, 2018, I held an initial status conference with petitioner, who appeared *pro se*. Ms. Amy Kokot appeared on behalf of respondent. During the status conference, petitioner explained that he was required to receive certain vaccinations for upcoming employment in a hospital. Petitioner

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the decision. Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

received his third Hepatitis-B vaccination on August 30, 2017. Pet Ex. 2 at 1. Petitioner stated during the status conference that he attributes the onset of his symptoms to mid-March 2018, approximately six months post-vaccination, when he began noticing numbness and tingling in his shoulders and arms, as well as a change in his sleeping habits. Petitioner stated that his doctor attributed his symptoms to possible carpal tunnel syndrome. Petitioner also reported that his white blood cell count was low on February 6, 2018, and that his doctor suggested further testing. Petitioner submitted a record of his bloodwork from that date, which did show a slightly low white blood count (3.4; normal range 3.8 – 10.8), but the record did not include notations regarding future testing. Pet. Ex. 8 at 9.

I then explained the program requirements to petitioner. I informed him that he could allege a "table injury" if his alleged injury fell within a pre-determined range of onset or an "off-table injury" if it did not.[3] Petitioner did not claim a Table injury, nor would the record support such a claim. I explained that because petitioner alleged an "off-table" injury, he would need to satisfy the prongs of *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Namely, petitioner must establish: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a proximate temporal relationship between vaccination and injury. Petitioner must establish each *Althen* prong by a "preponderance of the evidence." §300aa-13(a)(1)(a); *see also Caves v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 119, 132 (2011), *aff. per curiam*, 463 Fed. Appx. 932 (Fed. Cir. 2012).

Petitioner's pleadings reflected that the onset of shoulder pain was more than six months post-vaccination and appeared to be associated with a new exercise regime, which his doctor directed him to stop. Petition at ¶5. During the status conference, I gave petitioner the opportunity to explain in detail the onset of his alleged injury, and his explanation was consistent with his pleadings. Petitioner did not indicate that he had experienced any shoulder pain prior to March 2018. Although petitioner referred to his alleged injury as brachial neuritis in his petition, no such diagnosis is reflected in the medical records, and his medical problem appears to be limited to unilateral shoulder and arm pain. In my experience, most shoulder injuries in the Program occur within a few days of the vaccination, however, petitioner's symptoms indisputably did not begin until six months after the vaccination. Based on this fact, I noted that it was extremely unlikely that petitioner's alleged injury is vaccine-related.

Accordingly, upon consideration, I determined that based upon the details provided in the pleadings and at the status conference, which were consistent, and the lack of medical records prior to March 2018, it would be impossible for petitioner to succeed on this claim in the Vaccine Program. Petitioner was unable to provide any additional facts supporting his claim during the status conference. I am therefore issuing this sua sponte ruling dismissing petitioner's claim.[4]

During the status conference, petitioner also made an oral motion to proceed *in forma pauperis*. As petitioner has only part-time employment, I granted his motion and will direct the court to return the $400.00 filing fee petitioner previously paid.

---

[3] The Vaccine Injury Table is located at 42 C.F.R. § 100.3(a).

[4] Within 90 days after judgment enters on this decision, petitioner may file either an election to file a civil action or an election to accept judgment pursuant to 42 U.S.C.A. § 300aa-21. An election to file civil action rejects the Program judgment and must be filed to preserve whatever right petition may have to file a civil action in another court. Petitioner may find more information in the Guidelines for Practice Under the National Vaccine Program, which can be accessed at http://www.cofc.uscourts.gov/vaccine-guidelines.

## II. Conclusion

Petitioner's claim is hereby dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

Thomas L. Gowen
Special Master